E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
Cassie D. Palmer (Cal. Bar No. 268383)
Assistant United States Attorney
Deputy Chief, Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0363
    Facsimile: (213) 894-6329
    E-mail:   cassie.palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:24-cr-00077-WLH |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING (1) PERSONAL IDENTIFYING INFORMATION; (2) PRIVACY ACT INFORMATION; AND (3) INFORMATION RELATING TO CONFIDENTIAL INFORMANTS AND/OR COOPERATING WITNESSES |
| v. | |
| STEVEN ARTHUR LANKFORD, GLEN LOUIS COZART, MAX SAMUEL BENNETT TURBETT, and MATTHEW PHILLIP HART, | |
| Defendants. | PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Cassie D. Palmer, and defendants STEVEN ARTHUR LANKFORD, GLEN LOUIS COZART, MAX SAMUEL BENNETT TURBETT, and MATTHEW PHILLIP HART (collectively, the "defendants"), by and through their respective counsel of record (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the

"Protective Order") governing the use and dissemination of

(1) personal identifying information ("PII") of real persons

pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1);

(2) material that may contain information within the scope of the

Privacy Act; and (3) information related to confidential

informant(s) and/or cooperating witness(es) who may testify at

trial.

        Introduction and Grounds for Protective Order

        1.   Defendants are charged in this matter with violations of

18 U.S.C. § 1951(a): Conspiracy to Commit Extortion and Attempted

Extortion; 18 U.S.C. § 241: Conspiracy Against Rights; and 18 U.S.C.

§ 242: Deprivation of Rights Under Color of Law.

        2.   Defendants are scheduled to make their initial appearances

in this case on July 15, 2024.

        3.   A protective order is necessary on this case because the

government intends to produce to the defense materials containing

other third parties' PII, other defendants' PII, and other sensitive

information.  The government believes that disclosure of this

information without limitation risks the privacy and security of the

information's legitimate owners.  Because the government has an

ongoing obligation to protect third parties' PII, the government

cannot produce to defendant an unredacted set of discovery

containing this information without the Court entering the

Protective Order.  Moreover, PII makes up a significant part of the

discovery in this case and such information itself, in many

instances, has evidentiary value.  If the government were to attempt

to redact all this information in strict compliance with Federal

Rule of Criminal Procedure 49.1, the Central District of

California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4. A protective order also is necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. A protective order also is necessary because the government intends to produce to the defense materials relating to confidential informants or cooperating witnesses who participated in the government's investigation or who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses or otherwise have sensitive information relating to cooperation, the government believes that the unauthorized dissemination or distribution of the materials may expose those persons to potential safety risks.

6. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide defense counsel with sufficient information to adequately represent defendants.

Definitions

7. The parties agree to the following definitions:

3

a.    "Cooperator Materials" includes any information relating to a confidential informant's or cooperating witness's statements, prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b.    "Sensitive Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number, and other information that is sensitive in nature, such that if it were disclosed in the public domain it could unnecessarily cause personal, business, or legal harm.  This includes information subject to the Privacy Act.

c.    "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm or outside counsel who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, translators and/or interpreters, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendants, defendants' family members, or any other associates of defendants.

<u>Terms of the Protective Order</u>

8.    The parties jointly request the Court enter the Protective Order, which will permit the government to produce Cooperator Materials and Sensitive Materials in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Cooperator Materials and Sensitive Materials marked with the following legend or a similar legend for Cooperator Materials and Sensitive Materials, respectively: "SUBJECT TO PROTECTIVE ORDER – Cooperator Material" and "SUBJECT TO PROTECTIVE ORDER – Sensitive Material."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.    If a defendant objects to a designation that material contains Cooperator Materials or Sensitive Materials, the parties shall meet and confer.  If the parties cannot reach an agreement regarding the defendant's objection, the defendant may apply to the Court to have the designation removed.

c.    Defendants and the Defense Team agree to use Cooperator Materials or Sensitive Materials solely to prepare for any pretrial motions, plea negotiations, trials, sentencing hearings, and appellate and post-conviction proceedings related to this case.  Defendant and the Defense Team shall not provide

Cooperator Materials and Sensitive Materials to anyone not part of
the Defense Team.

        d.   The Defense Team shall not permit anyone, including a
defendant, other than the Defense Team to have possession of
Cooperator Material or Sensitive Materials, while outside the
presence of the Defense Team.

        e.   Defendants may see and review Cooperator Materials
only in the presence of defense counsel and defense counsel shall
ensure that the defendant is never left alone with any Cooperator
Materials. At the conclusion of any meeting with a defendant at
which defendant is permitted to view Cooperator Materials, the
defendant must return any Cooperator Materials to defense counsel,
who shall take all such materials with counsel. Defendants may not
take any Cooperator Materials or notes reflecting information
contained in the Cooperator Materials out of the room in which the
defendant is meeting with defense counsel. At no time, under no
circumstance, will any Cooperator Materials be left in the
possession, custody, or control of a defendant, regardless of the
defendant's custody status.

        f.   Defendants may review Sensitive Materials only in the
presence of a member of the Defense Team, who shall ensure that the
defendant is never left alone with any Sensitive Materials. A
member of the Defense Team may share the Sensitive Materials with
defendants via a closed, secure, unrecorded videoconference
platform. At the conclusion of any meeting or videoconference with
a defendant at which a defendant is permitted to view Sensitive
Materials, the defendant must return any Sensitive Materials to the
Defense Team, and the member of the Defense Team present shall take

all such materials with him or her.  A defendant may not take any
Sensitive Materials out of the room in which a defendant is meeting
with the Defense Team.  The defendants may not save any Sensitive
Materials or record or make screenshots of the videoconference in
which the Sensitive Materials are displayed.

g.   Defendants may see and review Cooperator Material and
Sensitive Material as permitted by this Protective Order, but
defendants may not copy, keep, maintain, or otherwise possess any
Cooperator Material and Sensitive Material in this case at any time.
Defendants also may not write down or memorialize any data or
information contained in the Cooperator Material and Sensitive
Material.

h.   The Defense Team may review Cooperator Materials and
Sensitive Materials with a witness or potential witness in this
case, including defendants.  Defense counsel must be present
whenever any Cooperator Materials are being shown to a witness or
potential witness.  A member of the Defense Team must be present if
Sensitive Materials are being shown to a witness or potential
witness.  Before being shown any portion of Confidential
Information, however, any witness or potential witness must be
informed of, and agree in writing to be bound by, the requirements
of the Protective Order.  No member of the Defense Team shall permit
a witness or potential witness to retain Cooperator Materials or
Sensitive Materials or any notes generated from the Cooperator
Materials or Sensitive Materials.

i.   The Defense Team shall maintain the Cooperator
Materials and Sensitive Materials safely and securely, and shall
exercise reasonable care in ensuring the confidentiality of those

7

materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Cooperator Materials and Sensitive Materials; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Cooperator Materials and Sensitive Materials; and (3) not permitting Cooperator Materials and Sensitive Materials to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Cooperator Materials shall not be left unattended in any vehicle.

j.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Cooperator Materials and Sensitive Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Cooperator Materials and Sensitive Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.   The Defense Team shall use Cooperator Materials and Sensitive Materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

l.   In the event that a party needs to file Cooperator Materials or Sensitive Materials with the Court or divulge the contents of Cooperator Materials or Sensitive Materials in court filings, the party shall either (1) make the filing under seal and note it is pursuant to the Protective Order or (2) before filing,

provide advance written notice of the intent to publicly file Cooperator Materials or Sensitive Materials to afford the party an opportunity to object or otherwise respond to such intention. The parties shall attempt to reach an agreement and make all reasonable attempts to limit the divulging of Cooperator Materials or Sensitive Materials by redaction. If the parties cannot reach an agreement regarding the proposed filing, the opposing party may apply to the Court to have the filing redacted or sealed before it is filed. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.

m.   The parties agree that any Cooperator Materials or Sensitive Materials inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Cooperator Materials or Sensitive Materials were inadvertently produced prior to entry of the Protective Order without being marked "SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

n.   The parties agree that if any discovery contains both Cooperator Materials and Sensitive Materials, the information shall be handled in accordance with the Cooperator Materials provisions of the Protective Order.

o.   Cooperator Materials and Sensitive Materials shall not be used by a defendant or Defense Team, in any way, in any other

matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Cooperator Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Sensitive Materials to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

        p.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Sensitive

Materials; and (2) returning to the government or certifying the destruction of all Cooperator Materials.

q.    Defense counsel agrees to advise the defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

r.    Defense Counsel has conferred with the defendant he/she represents regarding this stipulation and the proposed order thereon, and the defendant agrees to the terms of the proposed order.

//

//

s.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: August 14, 2024          E. MARTIN ESTRADA
                                United States Attorney

                                MACK E. JENKINS
                                Assistant United States Attorney
                                Chief, Criminal Division

                                _____
                                CASSIE D. PALMER
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

DATED: _____, 2024          _____
                                RICHARD STEINGARD
                                Attorney for Defendant
                                STEVEN ARTHUR LANKFORD

DATED: _____, 2024          _____
                                MARILYN BEDNARSKI
                                Attorney for Defendant
                                GLEN LOUIS COZART

DATED: _____, 2024          _____
                                CRAIG WILKE
                                Attorney for Defendant
                                MAX SAMUEL BENNETT TURBETT

DATED: _____, 2024          _____
                                ANTHONY SOLIS
                                Attorney for Defendant
                                MATTHEW PHILLIP HART

s.    Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: July XX, 2024                E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                    _____
                                    CASSIE D. PALMER
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

                        8/12/2024
DATED: ~~July XX, 2024~~            _____
                                    RICHARD STEINGARD
                                    Attorney for Defendant
                                    STEVEN ARTHUR LANKFORD


DATED: July XX, 2024               _____
                                    MARILYN BEDNARSKI
                                    Attorney for Defendant
                                    GLEN LOUIS COZART


DATED: July XX, 2024               _____
                                    CRAIG WILKE
                                    Attorney for Defendant
                                    MAX SAMUEL BENNETT TURBETT


DATED: July XX, 2024               _____
                                    ANTHONY SOLIS
                                    Attorney for Defendant
                                    MATTHEW PHILLIP HART

1       s.   Accordingly, the parties have agreed to request that

2  the Court enter a protective order in the form submitted herewith.

3     IT IS SO STIPULATED.

4     DATED: July XX, 2024       E. MARTIN ESTRADA
                       United States Attorney

5

6                        MACK E. JENKINS
                       Assistant United States Attorney

7                       Chief, Criminal Division

8

9                       _____
                       CASSIE D. PALMER

10                     Assistant United States Attorney

11                     Attorneys for Plaintiff
                       UNITED STATES OF AMERICA

12

13    DATED: July XX, 2024      _____

14                     RICHARD STEINGARD
                       Attorney for Defendant

15                     STEVEN ARTHUR LANKFORD

16    DATED: August 13, 2024

17                     MARILYN BEDNARSKI
                       Attorney for Defendant

18                     GLEN LOUIS COZART

19

20    DATED: July XX, 2024      _____

21                     CRAIG WILKE
                       Attorney for Defendant

22                     MAX SAMUEL BENNETT TURBETT

23    DATED: July XX, 2024      _____

24                     ANTHONY SOLIS
                       Attorney for Defendant

25                     MATTHEW PHILLIP HART

26

27

28

1         s.   Accordingly, the parties have agreed to request that

2   the Court enter a protective order in the form submitted herewith.

3       IT IS SO STIPULATED.

4       DATED: July XX, 2024         E. MARTIN ESTRADA

5                                              United States Attorney

6                                            MACK E. JENKINS

7                                          Assistant United States Attorney
                                       Chief, Criminal Division

8

9                               _____
                                       CASSIE D. PALMER

10                                         Assistant United States Attorney

11                                         Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

12

13      DATED: July XX, 2024        _____

14                                           RICHARD STEINGARD
                                       Attorney for Defendant

15                                           STEVEN ARTHUR LANKFORD

16

    DATED: July XX, 2024        _____

17                                           MARILYN BEDNARSKI
                                       Attorney for Defendant

18                                           GLEN LOUIS COZART

19                    August 13,

20      DATED: ~~July XX,~~ 2024     _____

21                                           CRAIG WILKE
                                         Attorney for Defendant

22                                           MAX SAMUEL BENNETT TURBETT

23      DATED: July XX, 2024        _____

24                                           ANTHONY SOLIS
                                         Attorney for Defendant

25                                           MATTHEW PHILLIP HART

26

27

28

1       s.   Accordingly, the parties have agreed to request that

2 the Court enter a protective order in the form submitted herewith.

3     IT IS SO STIPULATED.

4     DATED: July XX, 2024       E. MARTIN ESTRADA
5                            United States Attorney

6                            MACK E. JENKINS
7                            Assistant United States Attorney
                            Chief, Criminal Division

8

9                     _____
10           CASSIE D. PALMER
                            Assistant United States Attorney

11                            Attorneys for Plaintiff
12                            UNITED STATES OF AMERICA

13    DATED: July XX, 2024
14                            _____
                            RICHARD STEINGARD
15                            Attorney for Defendant
                            STEVEN ARTHUR LANKFORD

16

17    DATED: July XX, 2024
                            _____
18                            MARILYN BEDNARSKI
                            Attorney for Defendant
19                            GLEN LOUIS COZART

20    DATED: July XX, 2024
                            _____
21                            CRAIG WILKE
                            Attorney for Defendant
22                            MAX SAMUEL BENNETT TURBETT

23    DATED: ~~July XX~~, 2024    8/12
24                            ANTHONY SOLIS
                            Attorney for Defendant
25                            MATTHEW PHILLIP HART

26

27

28