UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>STEVEN ARTHUR LANKFORD,<br>GLEN LOUIS COZART,<br>MAX SAMUEL BENNETT TURBETT, and<br>MATTHEW PHILLIP HART,<br><br>            Defendants. | No. CR 8:24-cr-00077-WLH<br><br>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING (1) PERSONAL IDENTIFYING INFORMATION; (2) PRIVACY ACT INFORMATION; AND (3) INFORMATION RELATING TO CONFIDENTIAL INFORMANTS AND/OR COOPERATING WITNESSES [77] |

   The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information ("PII"), Privacy Act Information, and Confidential Informant Information, filed by the government and defendants Steven Arthur Lankford, Glen Louis Cozart, Max Samuel Bennett Turbett, and Matthew Phillip Hart (collectively, "defendants") in this matter on August 22, 2024, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

   1.   The government's discovery in this case relates to defendant's alleged crimes, that is, violations of 18 U.S.C.

§ 1951(a): Conspiracy to Commit Extortion and Attempted Extortion; 18 U.S.C. § 241: Conspiracy Against Rights; and 18 U.S.C. § 242: Deprivation of Rights Under Color of Law.

2.   A protective order is necessary on this case because the government is producing to the defense materials containing third parties' PII, other defendants' PII, and other sensitive information.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.   A protective order also is necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these

materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4. A protective order also is necessary because the government intends to produce to the defense materials relating to confidential informants or cooperating witnesses who participated in the government's investigation or who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses or otherwise have sensitive information relating to cooperation, the government believes that the unauthorized dissemination or distribution of the materials may expose those persons to potential safety risks.

5. The purpose of this Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide defense counsel with sufficient information to adequately represent defendants.

6. Accordingly, the discovery that the government has provided or will provide to defense counsel pursuant to the parties Stipulation in the above-captioned case will be subject to this Protective Order, as follows:

    a. "Cooperator Materials" includes any information relating to a confidential informant's or cooperating witness's statements, prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

   b. "Sensitive Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number, and other information that is sensitive in nature, such that if it were disclosed in the public domain it could unnecessarily cause personal, business, or legal harm.  This includes information subject to the Privacy Act.

   c. "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm or outside counsel who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, translators and/or interpreters, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does **not** include defendants, defendants' family members, or any other associates of defendants.

   d. The government is authorized to provide defense counsel with Cooperator Materials and Sensitive Materials marked with the following legend or a similar legend for Cooperator Materials and Sensitive Materials, respectively: "SUBJECT TO PROTECTIVE ORDER – Cooperator Material" and "SUBJECT TO PROTECTIVE ORDER – Sensitive Material."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Cooperator Materials and Sensitive Materials.

4

e. If a defendant objects to a designation that material contains Cooperator Materials or Sensitive Materials, the parties shall meet and confer. If the parties cannot reach an agreement regarding the defendant's objection, the defendant may apply to the Court to have the designation removed.

f. Defendants and the Defense Team shall use Cooperator Materials or Sensitive Materials solely to prepare for any pretrial motions, plea negotiations, trials, sentencing hearings, and appellate and post-conviction proceedings related to this case. Defendant and the Defense Team shall not provide Cooperator Materials and Sensitive Materials to anyone not part of the Defense Team.

g. The Defense Team shall not permit anyone, including a defendant, other than the Defense Team to have possession of Cooperator Material or Sensitive Materials, while outside the presence of the Defense Team.

h. Defendants may see and review Cooperator Materials only in the presence of defense counsel and defense counsel shall ensure that the defendant is never left alone with any Cooperator Materials. At the conclusion of any meeting with a defendant at which defendant is permitted to view Cooperator Materials, the defendant must return any Cooperator Materials to defense counsel, who shall take all such materials with counsel. Defendants may not take any Cooperator Materials or notes reflecting information contained in the Cooperator Materials out of the room in which the defendant is meeting with defense counsel. At no time, under no circumstance, will any Cooperator Materials be left in the

5

possession, custody, or control of a defendant, regardless of the defendant's custody status.

   i. Defendants may review Sensitive Materials only in the presence of a member of the Defense Team, who shall ensure that the defendant is never left alone with any Sensitive Materials.  A member of the Defense Team may share the Sensitive Materials with defendants via a closed, secure, unrecorded videoconference platform.  At the conclusion of any meeting or videoconference with a defendant at which a defendant is permitted to view Sensitive Materials, the defendant must return any Sensitive Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  A defendant may not take any Sensitive Materials out of the room in which a defendant is meeting with the Defense Team.  The defendants may not save any Sensitive Materials or record or make screenshots of the videoconference in which the Sensitive Materials are displayed.

   j. Defendants may see and review Cooperator Materials and Sensitive Materials as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Cooperator Materials or Sensitive Materials in this case at any time.  Defendants also may not write down or memorialize any data or information contained in the Cooperator Materials and Sensitive Materials.

   k. The Defense Team may review Cooperator Materials and Sensitive Materials with a witness or potential witness in this case, including defendants.  Defense counsel must be present whenever any Cooperator Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if

Sensitive Materials are being shown to a witness or potential witness. Before being shown any portion of Cooperator Materials and Sensitive Materials, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Cooperator Materials or Sensitive Materials or any notes generated from the Cooperator Materials or Sensitive Materials.

l. The Defense Team shall maintain the Cooperator Materials and Sensitive Materials safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Cooperator Materials or Sensitive Materials; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Cooperator Materials or Sensitive Materials; and (3) not permitting Cooperator Materials or Sensitive Materials to be outside the Defense Team's offices, homes, vehicles, or personal presence. Cooperator Materials shall not be left unattended in any vehicle.

m. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Cooperator Materials or Sensitive Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Cooperator Materials or Sensitive Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

       n.   The Defense Team shall use Cooperator Materials and Sensitive Materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

       o.   In the event that a party needs to file Cooperator Materials or Sensitive Materials with the Court or divulge the contents of Cooperator Materials or Sensitive Materials in court filings, the party shall either (1) make the filing under seal and note it is pursuant to the Protective Order or (2) before filing, provide advance written notice of the intent to publicly file Cooperator Materials or Sensitive Materials to afford the party an opportunity to object or otherwise respond to such intention. The parties shall attempt to reach an agreement and make all reasonable attempts to limit the divulging of Cooperator Materials or Sensitive Materials by redaction. If the parties cannot reach an agreement regarding the proposed filing, the opposing party may apply to the Court to have the filing redacted or sealed before it is filed. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.

       p.   Any Cooperator Materials or Sensitive Materials produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Cooperator Materials or Sensitive Materials were produced inadvertently without being marked "SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct

designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

q. If any discovery contains both Cooperator Materials and Sensitive Materials, the information shall be handled in accordance with the Cooperator Materials provisions of the Protective Order.

r. Cooperator Materials and Sensitive Materials shall not be used by a defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Cooperator Materials to the government or certify that such materials have been destroyed. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Sensitive Materials to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

s. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order with respect to any Cooperator Materials or Sensitive Materials provided to the new defense counsel. New defense counsel's written agreement to be bound by the

terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Sensitive Materials; and (2) returning to the government or certifying the destruction of all Cooperator Materials.

       t.    Defense counsel shall advise the defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

8/26/2024  
DATE

HONORABLE WESLEY L. HSU  
UNITED STATES DISTRICT JUDGE

Presented by:

*(signature)*  
CASSIE D. PALMER  
Assistant United States Attorney